IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY ASHMORE,

Plaintiff,

No. 2:13-cv-0159 KJM DAD PS

v.

WALGREENS,

Defendant,

_________________________/

**STATUS (PRETRIAL SCHEDULING) ORDER**

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held on April 5, 2013, at 10:00 a.m. before the undersigned. Plaintiff Gregory Ashmore, who is

/////

proceeding pro se in this action, appeared on his own behalf. Scott Plamondon, Esq. appeared as counsel for the defendant.[1]

After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

Service of process has been completed. No further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).

**JURISDICTION/VENUE**

Defendant removed this action from state court pursuant to 28 U.S.C. § 1441(a) and asserts that this court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff does not dispute either jurisdiction or venue and both appear to be proper.

**MOTION HEARING SCHEDULES**

All law and motion, except as to discovery, which is discussed below in a separate section, shall be conducted so as to be completed by **January 17, 2014**. The word "completed" in this context means that all law and motion matters must be **heard** on or before the above date. Because this date is not necessarily a date that will be set aside for law and motion hearings, counsel and parties proceeding pro se are required to contact this court's courtroom deputy, Pete Buzo, at (916) 930-4128 sufficiently in advance to ascertain dates on which non-discovery motions may be heard prior to the law and motion deadline and to properly notice such motions

[1] Although in his complaint plaintiff also named Diane Burns and Marilyn Walsh as defendants in this action, plaintiff indicated at the April 5, 2013 scheduling conference that he had not served either of those named individuals and that he no longer wished to proceed against them in this action. Accordingly, plaintiff is proceeding in this action only against defendant Walgreens.

for hearing on or before the deadline. This paragraph does not preclude the filing of motions for continuances, motions for temporary restraining orders, and other emergency applications that are subject to special scheduling.

The parties shall refer to Local Rule 230 regarding the requirements for noticing a non-discovery motion on the magistrate judge's regularly scheduled law and motion calendar. **Counsel and parties proceeding pro se shall file with the court and serve opposition OR a statement of non-opposition to every properly noticed motion not later than fourteen (14) days preceding the hearing date. Any reply by the moving party shall be filed with the court and served not later than seven (7) days preceding the hearing date.**

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion the issues that are susceptible to resolution without trial. To accomplish that purpose, the parties must identify and fully research the issues presented by the case and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel or a party proceeding pro se after examining the legal issues and the facts that an issue can be resolved by pretrial motion, counsel or the pro se party shall file an appropriate motion within the time set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel and parties proceeding pro se are advised that motions in limine are procedural devices designed to address the admissibility of evidence. The court will look with disfavor upon substantive motions presented in the guise of motions in limine at the time of trial. Counsel and parties proceeding pro se are cautioned that if any legal issue that should have been tendered to the court by pretrial motion must be resolved by the court after the law and motion deadline, substantial sanctions may be levied against the attorney or the party proceeding pro se who failed to timely file an appropriate motion.

/////

/////

**DISCOVERY**

All discovery shall be conducted so as to be completed by **November 29, 2013**. The word "completed" in this context means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. All discovery motions must be noticed on the magistrate judge's calendar in accordance with Local Rule 251.

Any initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) are to be made by mutual agreement of the parties. The undersigned does not hold Rule 26(f) conferences in cases in which any party is proceeding pro se.

Plaintiff shall designate in writing and file with the court and serve upon defendant's counsel the names of any experts that plaintiff proposes to call at trial not later than **October 4, 2013**. Defendant shall designate in writing and file with the court and serve upon plaintiff the names of any experts that defendant proposes to tender at trial not later than **October 18, 2013**. Plaintiff shall designate and disclose any rebuttal experts not later than **October 25, 2013.** All experts so designated are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after a deposition taken subsequent to designation. An expert witness not listed in the party's designation of witnesses will not be permitted to testify at trial unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time the lists were filed and served; (b) the court and the opposing party were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition.

/////

/////

**FINAL PRETRIAL CONFERENCE**

Final Pretrial Conference is **SET** for **March 20, 2014**, at **3:30 p.m.**, in Courtroom 3 before the Honorable Kimberly J. Mueller. The parties are cautioned that any counsel appearing for the Final Pretrial Conference shall in fact try the matter. Counsel and parties proceeding pro se are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The pro se plaintiff and counsel for defendant shall each file a separate Pretrial Statement. Counsel and parties proceeding pro se are referred to Local Rule 281(a)(1) and (3) regarding the time for filing Pretrial Statements and Local Rule 281(b)(1) - (22) regarding the contents of their separate Pretrial Statements. In addition to all subjects listed in Local Rule 281(b), each party shall include in its pretrial statement a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution. A FAILURE TO COMPLY WITH LOCAL RULE 281 WILL BE GROUNDS FOR SANCTIONS.

In addition to their separate Pretrial Statements, the parties shall cooperate in the preparation of a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case. See Local Rule 281(b)(3) and (4). In the joint statement, the undisputed facts and disputed factual issues are to be set forth in two separate sections titled "Undisputed Facts" and "Disputed Factual Issues." In each section, the parties should identify first the general facts relevant to all causes of action. After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action. The parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should list in the section on "DISPUTED FACTUAL ISSUES" all disputed factual issues asserted by either party and explain by parenthetical the controversy concerning each such issue. In general, each fact should relate or correspond to an element of the relevant cause of action. Notwithstanding the provisions of Local Rule 281(a), the Joint Statement of Undisputed Facts and Disputed Factual Issues is to be

filed with the court concurrently with the filing of plaintiff's separate Pretrial Statement.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide with their separate Pretrial Statements a list of witnesses and a list of exhibits that the party proposes to proffer at trial for any purpose. These lists shall not be contained within the party's separate Pretrial Statement itself but shall be attached to the separate Pretrial Statement as a separate document. Plaintiff shall list his exhibits **numerically**, and defendant shall list its exhibits **alphabetically**. In the event that the alphabet is exhausted, defendant's additional exhibits shall be marked "2A-2Z, 3A-3Z," etc. The parties are cautioned that the Final Pretrial Order will contain a stringent standard for the proffering at trial of witnesses and exhibits not listed in the Final Pretrial Order. Counsel and parties proceeding pro se are advised that the standard may be strictly applied. On the other hand, the listing of exhibits or witnesses which the party does not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 281(b)(12), each party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief. Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents during trial for such purposes as, but not limited to, impeachment or memory refreshment.

Pursuant to Local Rule 281(b)(8), each Pretrial Statement shall contain a "statement of the legal theory, etc." Each party shall commence this section, if appropriate, by specifying as to each claim whether federal or state law governs, and, if state law, the state whose law is applicable.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence. Each party must

prepare its Pretrial Statement, and participate in good faith at the Pretrial Conference, with these aims in mind. FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS, which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

A Bench Trial anticipated to last one week is **SET** for **May 12, 2014**, at **9:00 a.m.** in Courtroom 3 before the Honorable Kimberly J. Mueller.

**SETTLEMENT CONFERENCE**

Unless the parties at some earlier juncture jointly request an early settlement conference,[2] at the time of the Final Pretrial Conference a Settlement Conference may be scheduled before the assigned magistrate judge if the parties agree to the assigned magistrate judge acting as settlement judge at that time. If a Settlement Conference is set before the assigned magistrate judge, each party must promptly execute and file a form waiving disqualification of the assigned magistrate judge to act as settlement judge. If the parties do not agree to the assigned magistrate judge acting as settlement judge in this matter, a Settlement Conference may be scheduled before another magistrate judge whose name will be drawn at random.

If a Settlement Conference is set, counsel must have a principal capable of disposition present at the Settlement Conference or be fully authorized to settle the matter on any terms and at the Settlement Conference.

/////

/////

---

[2] At any time prior to the Final Pretrial Conference, an early settlement conference may be set before the assigned magistrate judge, or another magistrate judge who is randomly selected, if all parties agree to request an early settlement conference. Either party may initiate such a request by calling Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128. Information will be provided regarding the procedure to follow.

**MISCELLANEOUS PROVISIONS**

Pursuant to Fed. R. Civ. P. 16(b), this order **shall not be modified except by leave of court upon a showing of good cause.** If a showing of good cause is made, the parties are cautioned that changes to any scheduled date may necessarily result in changes to all subsequent dates. Thus, even where good cause has been shown, the court may deny a request to change the discovery cutoff date without modifying all other dates. All requests for modification must be submitted to the assigned district judge. **Mere agreement by the parties pursuant to stipulation does not constitute good cause for modification. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

IT IS SO ORDERED.

DATED: April 5, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\ashmore0159.sched.ord